## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY WAYNE McCLELLAND | § | |
| | § | |
| V. | § | A-17-CA-1215-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 9). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

### A. Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas, in cause number D-1-DC-15-900001. Petitioner was charged by indictment with aggravated assault with a

deadly weapon. On December 3, 2015, a jury found Petitioner guilty as charged. Petitioner was sentenced to six years in prison.

The Eighth Court of Appeals affirmed his conviction on February 28, 2017. McClelland v. State, No. 08-16-00016-CR, 2017 WL 769884 (Tex. App. – El Paso 2017, no pet.). Petitioner did not file a petition for discretionary review. He did, however, file a state application for habeas corpus relief. The Court of Criminal Appeals denied the application without written order on October 25, 2017. Ex parte McClelland, No. 87,499-01.

**B.     Factual Background**

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> On July 13, 2014, Pran Pun–Magar (Pran) and Chinta Ram Oli (Chinta) took a break from their job at a Shell gas station located in East Austin. They walked to a nearby park where they sat under a tree. Appellant approached them, grabbed the front of Chinta's shirt, brandished a knife, and pointed it at both of them. Appellant also verbally threatened the two men. Chinta and Pran had recently immigrated from Nepal to Texas and did not understand English, and only understood Appellant when he said, "f***ing Nepali." Both men were afraid Appellant intended to kill them. When Chinta and Pran tried to walk back to the gas station, Appellant approached them again, took his shirt off, and hit Chinta on the chest and kicked Pran.
>
> Because Chinta and Pran just arrived to the United States, they were unfamiliar with the laws and regulations and were unsure of what to do after Appellant approached them in the park. With the help of a Nepalese interpreter and their immigration attorney, Chinta and Pran were able to call the police and report the assault.
>
> On July 18, 2014, a second incident occurred. According to Chinta, who was already inside the gas station, Appellant chased Pran as he was arriving for work. Once Pran made it inside the gas station, they observed Appellant making threatening gestures, including making a gun with his hand, pretending to pull the trigger, and making a slashing motion across his neck as if his finger were a knife. Pran immediately called the police. Officers Ricardo Aguilar–Lopez and Jason Looker responded to the scene. Pran and Chinta noticed Appellant crossing a nearby street and pointed him out to the officers. The officers stopped Appellant to confirm his identity and Appellant

2

informed them that he had been involved in an argument with Chinta and Pran earlier in the week. Chinta and Pran had approached him near the park while he was barbecuing and that while he could not understand what they were saying, he felt like he was being either harassed or that they were making sexual advances towards him based on their demeanor. During this conversation, Appellant was outside the patrol vehicle, not handcuffed, and had not yet been placed under arrest. The officers and Appellant, who voluntarily sat in the back of the patrol vehicle, then drove to the gas station where Chinta and Pran confirmed that he was the individual who had tried to assault them. Officer Aguilar–Lopez testified that when Appellant was in the back of the patrol vehicle he was detained, but he had not yet been read his Miranda warning.

During a voir dire examination of Officer Aguilar–Lopez outside the presence of the jury, the State attempted to introduce the statements Appellant made regarding the first encounter with as voluntary and noncustodial. The trial court was unsure when the officers detained Appellant, and Officer Aguilar–Lopez testified that upon the immediate encounter, Appellant was not free to leave. The trial court then reviewed the video from the patrol vehicle, which revealed that when the officers questioned Appellant regarding the first incident, Appellant responded that the two men harassed him. The trial court ruled that these statements were not voluntary because they were made in response to the officers' questions and determined that they would not be admissible at trial. The State similarly sought to introduce another statement made by Appellant while he was sitting alone in the patrol car. FN1

> FN1 Appellant suddenly yelled out, "Hey, that's him, that's both of them right there."

Contrary to its earlier ruling, the trial court ruled that this statement was voluntary and thus admissible:

[Trial Court]: The part that I just saw a few minutes is going to be admitted as res gestae, voluntary. Him blurting out the identification will be admitted.

McClelland, 2017 WL 769884 at, *1-2.

### C. Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1. The trial court erred in allowing the admission of Petitioner's comments made while in custody without the benefit of the Miranda warnings;

2. The victims provided conflicting testimony; and

3

3. The victims delayed reporting the crime in order to consult with an immigration attorney about a "U-visa."

**D.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 562 U.S. at 98.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 100 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

5

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**B.  Admission of Petitioner's Statement**

Petitioner first complains the trial court erred in allowing the admission of a statement made while he was in custody and without the benefit of a Miranda warning. In a single issue on appeal, Petitioner maintained that the trial court abused its discretion in admitting the statements he made while he was in the backseat of the patrol vehicle. He insisted that because he was not given his Miranda warnings, his statements were inadmissible because they were a result of custodial interrogation. The state appellate concluded:

> Viewing the evidence in the light most favorable to the trial court's ruling, and assuming the trial court made implicit findings of fact that support its ruling, the evidence supports a finding that Appellant made his statement while not in custody.

6

> Even if Appellant was in custody at the time in question, his statements were still not the result of custodial interrogation. According to the patrol vehicle video, Appellant's statements were made voluntarily, and not in response to any express questioning by either officer or any words or actions they should have known were reasonable likely to elicit an incriminating response.

McClelland, 2017 WL 769884 at, *2-3.

Petitioner also raised this same claim in his state application for habeas corpus relief. The Court of Criminal Appeals dismissed the application without written order. Ex parte McClelland, No. 87,499-01 at cover.

In Miranda v. Arizona, 384 U.S. 436, 444 (1966), the Supreme Court held that in order to preserve the Fifth Amendment's privilege against self-incrimination, law enforcement officials must inform a suspect in custody of his right to remain silent, that any statement he makes may be used as evidence against him, and that he has a right to retain counsel or have counsel appointed for him. Statements obtained during a custodial interrogation without the benefit of these warnings are generally inadmissible. Missouri v. Seibert, 542 U.S. 600, 608 (2004). An individual is "in custody" for purposes of Miranda "when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." United States v. Bengivenga, 845 F.2d 593, 596 (5th Cir. 1988) (en banc).

The state courts determined Petitioner was not in custody at the time he made his statement and his statements were not the result of a custodial interrogation. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## C. Credibility of Witnesses

In his second claim Petitioner alleges "during constant and separate questioning in trial both alleged victims' testimony was inconsistent with each other about exact location and supposedly series of events." In his third claim Petitioner asserts "[d]uring trial court it was presented that both victims were applying for a 'United States U-Visa' with help of immigration att. and District Attorney as reference referal [sic] in exchange for help to achieve conviction in order to make 'U.S. - U.Visa' obtainable for alleged victims." Petitioner raised these claims in his state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order.

In Petitioner's case, the jury was the fact-finder, and it was within its sole province to assess the credibility of the witnesses and resolve any conflicts in the evidence. See United States v. Green, 180 F.3d 216, 220 (5th Cir. 1999); United States v. Monroe, 178 F.3d 304, 307 (5th Cir. 1999) ("it is the sole province of the jury, and not within the power of this Court, to weigh conflicting evidence and evaluate the credibility of witnesses"). The state court's adjudication of Petitioner's claims comports with Jackson v. Virginia, 443 U.S. 307 (1979), and "[t]he habeas corpus statute obliges federal judges to respect credibility determinations made by the trier of fact." Pemberton v. Collins, 991 F.2d 1218, 1225 (5th Cir. 1993) (citing Sumner v. Mata, 455 U.S. 591, 597 (1982)).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

# CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

**SIGNED** on March 23, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE